**UNITED STATES of America, Plaintiff,**

v.

**William L. HART, Defendant.**

**Crim. No. 91–80136.**

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 5, 1994.

support this assumption. But this will be decided with finality in the second phase of the trial.

Tom Cranmer, Bloomfield Hills, MI, for Hart.

Allen Gershel, Craig Weier, Detroit, MI, for U.S.

### ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO CLARIFY SENTENCE

GADOLA, District Judge.

Defendant William L. Hart is a former Detroit police chief and a convicted embezzler. On May 7, 1992, a jury found defendant guilty of tax evasion and embezzlement. On August 27, 1992, the court sentenced defendant to ten years in jail and imposed a restitutionary fine in the amount of $2,347,-710.90. Based on the court's findings, the fine approximates the amount of money that the defendant stole from the people of Detroit.

In order to recover the fine from defendant, the United States of America filed a notice of lien against defendant's property on June 27, 1994 pursuant to 18 U.S.C. § 3613(a). The lien is based upon the August 27, 1992 criminal judgment imposed by the court. On July 21, 1994, defendant filed a motion to clarify sentence and to stay the United States Attorney's lien. Defendant is requesting that the court revisit its August 27, 1992 sentencing decision and grant an exemption to a proportion of defendant's accrued sick pay, accrued vacation pay, and accrued and future pension benefits. In addition, defendant is seeking an exemption under section 3613 and 26 U.S.C. § 6334(a)(9) for a portion of the pension benefits that he is now entitled to receive from the City of Detroit ("the City"). For the reasons discussed below, the court will grant in part and deny in part defendant's motion.

#### I. Background

The government is seeking to recover the approximately $2.3 million fine imposed upon defendant pursuant to the criminal judgment entered against him on August 27, 1992. In pursuit of the fine, the government has sought recovery from two sources: (1) defendant's pension as a retired member of the police department from the City and the Policemen and Firemen Retirement System which amounts to $66,400.44 per year; and (2) defendant's accrued sick pay and vacation benefits amounting to $118,590.34.

The accrued sick pay and accrued vacation benefits were accumulated by defendant over his many years of employ with the Detroit Police Department. When defendant resigned from the police department on May 8, 1992, one day after he was convicted, the accrued sick pay and vacation benefits became payable to the defendant. In addition, the City's pension board began issuing monthly pension checks payable to defendant beginning sometime around September 1992. Except as discussed below, the City has retained the accrued sick pay and vacation benefits, as well as more than twenty pension checks, until final resolution of the fine imposed against defendant.

Before filing notice of its section 3613(a) lien, the government had sought to recover the fine through a writ of garnishment. Pursuant to the government's request for garnishment, on March 11, 1994, the court ordered the City to remit twenty-five percent of defendant's outstanding accrued sick pay and vacation benefits to the government. As a result of this order, the City gave the government $29,647.59 of the $118,590.34 of the accrued amounts payable to defendant.

The government also sought twenty-five percent of defendant's past and future pension checks. However, defendant claimed that his pension was exempt from the writ of garnishment, and the court scheduled a hearing to decide the dispute. Before the hearing was held, the government withdrew its writ of garnishment and filed the notice of lien under section 3613(a). The section 3613(a) lien is much more powerful than a writ of garnishment and is not subject to as many exemptions and percentage limitations.

Defendant has now filed a motion to clarify his sentence in order to determine the proportion of his pension and accrued sick pay and vacation benefits which he may be entitled to receive from the City. The government is also seeking an order from the court directing the City to turn over the remainder of defendant's funds. Once the government receives the restitutionary funds, the money will then be returned to the City to compensate it for the losses it suffered as a result of defendant's malfeasance.

## II. Analysis

■ At the sentencing hearing held on August 2, 1992, the court indicated that it retained jurisdiction to determine if any proportion of the accrued sick pay and vacation pay due to the defendant and currently held by the City would be exempt from the payment of restitution. Although defendant now requests that the court alter its previous judgment, in the exercise of its own discretion, by giving some proportion of those accrued funds to defendant, he has provided no basis whatsoever for granting such an exemption. Defendant has no dependent children, and his wife has since died. In addition, defendant currently resides at a federal penitentiary and requires no funds for sustenance. As a result, the court will order that all of the remaining accrued sick pay and vacation pay funds of defendant, now held by the City, in the amount of $88,942.75, be appropriated to the payment of restitution.

■ Defendant also seeks an exemption from the section 3613 lien for a portion of his pension benefits. Pursuant to section 3613(a), the fine imposed in this case is a "lien in favor of the United States upon all property belonging to the person fined. The lien arises at the time of the entry of the judgment and continues until the liability is satisfied, remitted, or set aside." Section 3613(c) provides, however, that exemption provisions set forth in 26 U.S.C. § 6334 are applicable to the enforcement of the lien. It is under section 6334(a)(9) that defendant seeks an exemption from the government's lien.

Section 6334(a)(9) provides a minimum exemption for wages, salary, and other income. The government argues that defendant should not receive the section 6334(a)(9) exemption because he is imprisoned and does not require any subsistence income. However, the court finds that there is no support for the government's position, and that the clear and unambiguous language of section 6334(a)(9) entitles defendant to an exemption for a portion of his monthly pension checks. Pursuant to calculations provided for in section 6334(d) and by agreement of the parties in open court, the applicable exempt amount is $578.84 for each monthly pension check.

The court will order the City and its pension board to give the defendant's pension monies previously made payable and those made payable in the future, minus the $578.84 monthly exemption, to the United States. The monthly exemption amounts will be remitted to defendant.

■ Pursuant to section 3613(a), the court will also order the City to remit to the United States the $88,942.75 that it still holds of defendant's accrued sick pay and accrued vacation pay. At the time that the section 3613(a) lien arose on August 27, 1992, this amount was already due and payable to defendant. This money had been accumulated by defendant over his decades of service to the police department and became payable to him upon his resignation on May 8, 1992. As a result, this amount is not subject to the section 6334(a)(9) exemption. Treas.Reg. § 301–6334–2(c).

**NOW, THEREFORE, IT IS HEREBY ORDERED** that defendant William Hart's motion to clarify sentence is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that the City of Detroit and the City Treasury shall remit to the United States of America the sum of eighty-eight thousand nine hundred forty-two dollars and seventy-five cents ($88,942.75), this amount being funds currently held on behalf of defendant William Hart for accrued sick pay and accrued vacation pay.

**IT IS FURTHER ORDERED** that the City of Detroit and the City Pension Board shall remit all pension funds payable to defendant William Hart, except for the exemption provided below, to the United States of America. These pension funds include those benefits that are currently being held by the City of Detroit and the City Pension Board as well as all future pension benefits payable to defendant William Hart. The City of Detroit and the City Pension Board are further **ORDERED** to deduct $578.84 from each monthly pension check that is remitted to the United States of America. The deducted amount shall be paid over to defendant William Hart in satisfaction of the exemption provided for under 18 U.S.C. § 3613 and 26 U.S.C. § 6334(a)(9).

**SO ORDERED.**